IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Linda Newell,                              :

      Plaintiff,                      :

  v.                                       :      Case No. 2:03-cv-1160

GKN Sinter Metals,                         :      JUDGE HOLSCHUH

      Defendant.                      :

OPINION AND ORDER

    This is a gender discrimination suit brought by Linda Newell against GKN Sinter Metals.  On June 25, 2005, Ms. Newell filed a motion for leave to file amended complaint to join additional parties and to clarify the original complaint.  For the following reasons, the motion will be granted to allow Ms. Newell to clarify the facts alleged in the original complaint, to identify the causes of action that Ms. Newell seeks to recover under, and to join Danny Lee Adkins as a defendant.  However, her request to join two additional corporate defendants will be denied.

I.

    In December 2003, Ms. Newell filed for leave to proceed *in forma pauperis*, which was granted.  Subsequently, Ms. Newell filed a *pro se* complaint on December 10, 2003 against GKN Sinter Metals, alleging, *inter alia*, that GKN Sinter Metals discriminated against her because she was a female.  Moreover, Ms. Newell alleged that she had to work in unfair conditions and was wrongfully terminated.  Ms. Newell filed a detailed complaint describing all the alleged events that transpired prior to her discharge.  However, Ms. Newell did not base her claim under any particular federal or state law.

    In June 2005, Ms. Newell retained an attorney to represent her in this matter.  On June 25, 2005, Ms. Newell filed for leave

to file amended complaint to clarify the original complaint and join three other defendants: GKN Automotive, Inc., GKN Freight Services, Inc., and Danny Lee Adkins. The motion states, in relevant part, that

> [t]he plaintiff retained the undersigned counsel, and has subsequently met with counsel to provide information to prepare this attached amended complaint. Plaintiff prepared her initial complaint without the benefit of counsel, and submits that this amended complaint is basically consistent with the original complaint's allegations. Plaintiff also names additional corporate and individual defendants, but does not change the substantive nature of the allegations. Plaintiff further notes that the amendments allow the parties and the Court to clarify the issues at hand.

Plaintiff's Motion for Leave to Amend Complaint, June 25, 2005, at p. 2. The record reflects that GKN Sinter Metals did not respond to Ms. Newell's motion for leave to file amended complaint.

The amended complaint alleges that Ms. Newell is entitled to recover pursuant to Title VII, 42 U.S.C. §2000e, Chapter 4112 of the Ohio Revised Code, and Ohio common law. Specifically, the complaint states, in pertinent part, that:

> [f]rom on or about May 7, 1979, through May 23, 2003, the Plaintiff was continuously employed by Federal Mogul Sinter-Metal, Inc., Borg-Warner Sinter Metal, Inc., and its successors until she was laid off without cause; she received promotions and pay increases, learning most jobs in the plant during her employment, and was not disciplined until after she reported an industrial accident involving the release of toxic gas which injured several employees, of which she was one. She complained on numerous occasions of unsafe working conditions and discriminatory practices against herself and other females. On June

> 4, 2003, Ms. Newell contacted James McKenzie of the U.S. Equal Employment Opportunity Commission...and filed her complaint about discrimination and retaliation on the basis of sex and protected activity by phone. On or about October 3, 2003, the EEOC issued Ms. Newell a Notice of Right to Sue, who then filed this action pro se on December 10, 2003. She was reinstated to her employment on April 12, 2004, after filing this action.

Amended Complaint at ¶10. The amended complaint also describes the corporate defendants seeking to be joined as "for-profit" corporations doing business in Ohio that engage "in an industry affecting commerce and have had four or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calender year...." Id. at ¶¶4-5. Finally, the amended complaint states that Dan Adkins "was the Human Resource Director for Defendant GKN Sinter Metals, Inc., at all times material herein, and an employer cover by [Ohio Revised Code] Sections 4112.01" Id. at ¶7.

## II.

Fed.R.Civ.P. 15(a) states that when a party is required to seek leave of court in order to file an amended pleading, "leave shall be freely given when justice so requires." The United States Court of Appeals for the Sixth Circuit has spoken extensively on this standard, relying upon the decisions of the United States Supreme Court in Foman v. Davis, 371 U.S. 178 (1962) and Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321 (1971), decisions which give substantial meaning to the "when justice so requires." In Foman, the Court indicated that the rule is to be interpreted liberally, and that in the absence of undue delay, bad faith, or dilatory motive on the part of the party proposing an amendment, leave should be granted. In Zenith Radio Corp., the Court indicated that mere delay, of itself, is not a reason to deny leave to amend, but delay coupled with

3

demonstrable prejudice either to the interests of the opposing party or of the Court can justify such denial.

Expanding upon these decisions, the Court of Appeals has noted that:

> [i]n determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction.

Phelps v. McClellan, 30 F.3d 658, 662-63 (6th Cir. 1994) (citing Tokio Marine & Fire Insurance Co. v. Employers Insurance of Wausau, 786 F.2d 101, 103 (2d Cir. 1986)). See also Moore v. City of Paducah, 790 F.2d 557 (6th Cir. 1986); Tefft v. Seward, 689 F.2d 637 (6th Cir. 1982). Stated differently, deciding if any prejudice to the opposing party is "undue" requires the Court to focus on, among other things, whether an amendment at any stage of the litigation would make the case unduly complex and confusing, see Duchon v. Cajon Co., 791 F.2d 43 (6th Cir. 1986) (per curiam), and to ask if the defending party would have conducted the defense in a substantial different manner had the amendment been tendered previously. General Electric Co. v. Sargent and Lundy, 916 F.2d 1119, 1130 (6th Cir. 1990); see also Davis v. Therm-O-Disc, Inc., 791 F. Supp. 693 (N.D. Ohio, 1992).

The Court of Appeals has also identified a number of additional factors which the District Court must take into account in determining whether to grant a motion for leave to file an amended pleading. They include whether there has been a repeated failure to cure deficiencies in the pleading, and whether the amendment itself would be an exercise in

4

futility. Robinson v. Michigan Consolidated Gas Co., 918 F.2d 579 (6th Cir. 1990); Head v. Jellico Housing Authority, 870 F.2d 1117 (6th Cir. 1989). The Court may also consider whether the matters contained in the amended complaint could have been advanced previously so that the disposition of the case would not have been disrupted by a later, untimely amendment. Id. It is with these standards in mind that the instant motion to amend will be decided.

A.

Ms. Newell requests leave to file amended complaint in order to clarify the original complaint that was filed on December 10, 2003. The record indicates that Ms. Newell was initially before this Court representing herself without the assistance of counsel. During that time, she filed the original complaint that she now seeks to amend. Although the original complaint contains a detailed narrative of the alleged events that transpired prior to her termination on May 23, it does not describe any particular federal or state law under which she wishes to recover.

In June 2005, Ms. Newell acquired legal representation. The record details that after discussions with her counsel, Ms. Newell filed a motion for leave to file amended complaint to clarify her causes of action against GKN. After comparing the original complaint with the amended complaint, this Court notes that both complaints allege the same basic facts and accusations. The amended complaint, however, takes the original pleading one step further and specifies that, based on the alleged facts in the amended complaint, Ms. Newell is entitled to recover under Title VII, 42 U.S.C. §2000e, Ohio Revised Code §4112.01, *et seq.*, and Ohio common law.

In Hiar v. Hingston, No. 95-1703, 1996 WL 506501, **1 (6th Cir. Sept. 5, 1996), the district court had dismissed Hiar's complaint because it failed to establish the jurisdictional

5

requirements required by the Fair Labor Standards Act. Subsequently, Hiar filed a motion to amend her pleadings to attempt to clarify the requisite jurisdictional relationship. Id. The district court denied her request because the amended complaint still failed to state the required jurisdictional relationship established by the Act. Id. Hiar filed a second motion to amend her complaint in order to fix the jurisdictional deficiencies, and the district court denied this request. Id.

On review, the Court of Appeals held that the district court abused its discretion by denying the motion to amend the complaint. Id., at \*\*2. Specifically, the Court of Appeals noted that although a district court has discretion to grant or deny a motion to amend a pleading, "Hiar should have been allowed to amend her complaint with a corrected version of her original proposed amendment that presumably would *clarify* what (if any) interstate activities Hiar personally undertook" in order to fit within the ambit of the Act. Id. (emphasis added and parenthesis in original). Finally, the Court of Appeals opined that allowing Hiar to amend her complaint was not futile or made in bad faith because Hiar sought to correct a deficiency in her original complaint. Id. at \*\*3.

Although Ms. Newell is not seeking the amendment to correct a deficiency in her original complaint like the plaintiff in Hiar, the amended complaint in this case does clarify the facts and allegations of the original complaint. Specifically, the amended pleading describes two causes of action that Ms. Newell is seeking to recover under, i.e. 42 U.S.C. §2000e and Ohio Revised Code §4112.01 et seq, both of which were absent in the original complaint.

In the instant case, the better exercise of discretion is to grant Ms. Newell's motion to amend her complaint to the extent of clarifying the facts, allegations, and causes of action. First,

6

this Court notes that the defendant did not respond to Ms. Newell's motion for leave to file an amended complaint. Second, because the original complaint is a long and narrative description of the events that transpired prior to Ms. Newell's termination of employment, this Court cannot conclude that the motion to amend the complaint is an exercise in futility or bad faith. Put simply, the amended complaint clarifies the facts and allegations stated in the original complaint and, perhaps most importantly, describes two causes of action that Ms. Newell is basing her claim under. These clarifications assist all parties and the Court in future proceedings concerning this case. Finally, it cannot be determined that clarifying the original complaint in this case will require the defendant to expend significant additional resources to conduct discovery and prepare for trial.

In sum, Ms. Newell's motion for leave to file amended complaint is granted to the extent of clarifying the facts and allegations and specifying the causes of action.

B.

This Court will next focus on whether Ms. Newell's motion for leave to file amended complaint should be granted to the extent of joining additional defendants.

Ms. Newell seeks to join two corporate defendants and one individual defendant. The motion does not specify the rationale behind joining the additional defendants; however, the motion does state that their joinder does not "hinder or delay the parties in any way." Plaintiff's Motion for Leave to File Amended Complaint, June 25, 2005, at p. 4. Moreover, the amended pleading describes all the additional corporate defendants as

> for-profit corporation[s] doing business in
> Gallia County, Ohio. At all times pertinent
> hereto, Defendants have been engaged in an
> industry affecting interstate commerce and

> have had four or more employees for each
> working day in each of twenty or more
> calender weeks in the current or preceding
> calender year, under the laws of the State of
> Ohio and the United States in Gallia County,
> State of Ohio, and is an employer covered by
> 42 U.S.C. Sec. 2000e and Ohio Revised Code
> Section 4112.01.

Amended Complaint at ¶¶4 and 5. The amended complaint describes the individual defendant as follows:

> Defendant, Dan Adkins, a male, was the Human
> Resource Director for Defendant GKN Sinter
> Metals, Inc., at all times material herein,
> and an employer covered by Ohio Revised Code
> Sections 4112.01.

Id. at ¶7.

As the amended complaint correctly states, Mr. Adkins could be a named defendant in an employment discrimination suit pursuant to Ohio Revised Code 4112.01, *et seq*. See O.R.C. §4112.01(2)(defining "employer" to include "any person acting directly or indirectly in the interest of an employer."); see also, Genaro v. Central Transport, Inc., 84 Ohio St.3d 293, 296-97 (1999)(holding that a supervisor/manger may be held jointly and/or severally liable with his/her employer for discriminatory conduct pursuant to O.R.C. Chapter 4112). Conversely, Mr. Adkins is not an employer within the definition and scope of Title VII, and, therefore, is not subject to be named as a defendant if this case was solely a Title VII claim. See, Wathen v. General Elec. Co., 115 F.3d 400, 405 (6th Cir.1997)("We now hold that an individual employee/supervisor, who does not otherwise qualify as an "employer," may not be held personally liable under Title VII").

Accordingly, this Court cannot conclude that attempting to join Mr. Adkins demonstrates dilatory motive because the original complaint, filed without the assistance of counsel, failed to

identify the Human Resources Director as a defendant; rather, once counsel was attained, the motion for leave to file amended complaint was filed, which indicates that Ms. Newell may not have known to identify Mr. Adkins as a defendant under the Ohio Revised Code.  Furthermore, because Ms. Newell may have a cause of action against Mr. Adkins if the allegations and facts in the amended complaint are proven to be true, it cannot be concluded that Ms. Newell was acting in bad faith to attempt to join Mr. Adkins as a defendant.  See, Genaro, *supra*; Cf. Wathen, *supra*. Finally, at this stage of the litigation, this Court cannot conclude that joining Mr. Adkins will make this case unduly complex or confusing because the state law claim against GKN Sinter Metals appears to be the same claim made against Mr. Adkins.  See, e.g. Davis v. Black, 70 Ohio App.3d 359, 370 ("Clearly, the supervisor for whom an employer may be vicariously liable under the doctrine of *respondeat superior* is also an employer within [O.R.C. §4112.01(a)].") Thus, justice requires this Court to permit Ms. Newell to join Mr. Adkins to this litigation.

This Court reaches the opposite conclusion with respect to the request to add the two corporate defendants.  These defendants are mentioned only in paragraphs four and five of the amended complaint.  Those paragraphs merely state that the two corporate defendants are "employers" within Title VII and the Ohio Revised Code.  The amended complaint, therefore, does not specify the relationship of GKN Automotive, Inc. or GKN Freight Services, Inc. to Ms. Newell or GKN Sinter Metals, Inc. or to any allegation or cause of action alleged in the complaint. Accordingly, without identifying any relationship between GKN Automotive, Inc. and GKN Freight Services, Inc. to the original parties, the joinder of the two corporate defendants would be an exercise in futility.

For the foregoing reasons, this Court concludes that the motion for leave to file amended complaint should granted to the extent of joining Mr. Adkins but denied to the extent of joining GKN Automotive, Inc. and GKN Freight Services, Inc.

### III.

For the reasons stated above, Ms. Newell's motion for leave to file amended complaint (doc. #35) is GRANTED to the extent of clarifying the facts and allegations as stated in the original complaint.  Also, the motion is GRANTED to the extent of clarifying Ms. Newell's causes of action against the GKN Sinter Metals, Inc.  Finally, the motion is GRANTED to the extent of joining Mr. Adkins.  Ms. Newell's motion for leave to file amended complaint (doc. #35) is DENIED to the extent of joining GKN Automotive, Inc. and GKN Freight Services, Inc.  Ms. Newell shall file an amended complaint in accordance with this opinion, within ten days.

                                            /s/Terence P. Kemp
                                       United States Magistrate Judge